THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** * | |
|     **Plaintiff,** * | |
| v. | Crim. No. PX-19-029 |
| * | |
| **Ronnie Lee Myers,** | |
|     **Defendant.** * | |

**MEMORANDUM OPINION AND ORDER**

Defendant Ronnie Lee Myers is currently in the custody of the Federal Bureau of Prisons serving a 100-month incarceration term after having pleaded guilty to drug and firearm offenses. ECF No. 256. Pending is Myers's pro se motion for compassionate release. ECF No. 305. The Government has not responded. On November 28, 2023, the Office of the Federal Public Defender filed a notice informing the Court that it will not be supplementing Myers' motion or seeking to have counsel appointed on his behalf. ECF No. 329. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, the motion is denied.

**I.  Background**

On February 27, 2019, Myers made his first appearance in this Court on a federal indictment that charged him with conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C §§ 846, and possession of a firearm after having sustained a felony conviction, in violation of 18 U.S.C. § 922(g). ECF No. 49. On October 18, 2019, Myers was ordered released on conditions. ECF No. 88.

On March 15, 2020, the COVID-19 pandemic hit, which undoubtedly delayed the

resolution of Myers' case. However, during that time, Myers remained on conditions of release. After litigating pretrial motions, ECF No. 230, Myers reached a plea agreement with the Government. Pursuant to the agreement, Myers agreed to plead guilty to a superseding information that charged him with one count of conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846; one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841; and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). ECF Nos. 200, 212. As part of the plea agreement, Myers and the Government also agreed that pursuant to Federal Rule of Criminal Procedure 11(C)(1)(c), the sufficient but not greater than necessary sentence would be no less than 96 months incarceration but no greater than 144 months incarceration. ECF No. 212. Accordingly, if the Court ultimately accepted the plea agreement, the Court would bind itself to impose a sentence of incarceration somewhere within that range. *Id.*

On March 18, 2021, Myers pleaded guilty pursuant to the plea agreement. ECF No. 211. A pre-sentence report (PSR) was ordered in advance of sentencing. Pertinent to this motion, the PSR documented that Myers had suffered a knife injury to his leg at age 10. The PSR also described Myers' physical health as follows:

> The defendant reported he suffers from chronic migraines and vertigo, and he has been receiving treatment from a neurologist located in Bowie, Maryland. The defendant advised he has an upcoming MRI scheduled to determine the cause of his conditions. He is currently prescribed Flovent HFA 110 mg inhaler (2x per day), Amlodipine Besylate 2.5 mg, Topiramate 25 mg (1 tablet 2x per day), and Meclizine 12.5 mg (1 tablet by mouth every 8 hours as needed for vertigo). He is also prescribed 1.25 mg of vitamin D, taken once per week.
>
> ECF No. 227 ¶ 62.

On June 21, 2021, after conducting a full hearing, the Court accepted the plea agreement

and sentenced Myers to a total of 100 months' incarceration, followed by five years of supervised release. ECF Nos. 256, 257.

On July 11, 2022, Myers moved for compassionate release. ECF No. 305. As grounds, Myers states that he is 55 years-old and "suffers from a number of serious, incurable chronic health problems that put his health at risk from COVID-19 and its variants." *Id.* at 3. Myers does not include any medical records or other information describing his averred medical conditions. Myers also discusses the rise of COVID infections at his place of incarceration and opines that information about COVID-19 on the BOP website "cannot be trusted." *Id.* at 4. Last, Myers generally describes his incarceration term as productive and violation free. Although the Court will accept Myers representations in that regard, Myers again does not provide any records or other proof of his specific rehabilitative efforts. Myers urges this Court grant him early release well in advance of the service of his full sentence.

## II.     Discussion

The Court's power to modify a sentence is governed exclusively by 18 U.S.C. § 3582. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (stating that a court "may not modify a term of imprisonment once it has been imposed" unless expressly permitted by statute); *see also United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009) ("[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to [§ 3582's] general rule [barring modification]."). Section 3582(c) provides that a court "may not modify a term of imprisonment once it has been imposed," except under certain limited circumstances to include where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c).

Where a Court modifies a sentence based on "extraordinary and compelling reasons"

akin to the relief Myers seeks, it can only do so "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* § 3582(c)(1)(A).

If the Bureau of Prisons does not bring such a motion, a defendant may petition the Court for relief on the grounds that extraordinary and compelling reasons warrant release. *See, e.g., United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 6, 2020). If the Court determines that such extraordinary and compelling reasons have been established, the Court must next consider the sentencing factors set forth in 18 U.S.C. § 3553(a). These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants." *United States v. Bryant*, Crim. No. CCB-95-202-3, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

During the COVID pandemic, Courts have found that an inmate may demonstrate extraordinary and compelling circumstances when he suffers from known physical conditions placing him at heightened risk for severe adverse consequences if he contracted COVID. *See, e.g.*, *United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020). On this record, Myers has failed to so demonstrate. Myers has included no medical records to support that he suffers from any of these risk factors. Indeed,

the PSR corroborates that Myers does not appear to have any serious medical conditions apart from suffering from migraines and vertigo and his need for an inhaler. ECF No. 227 at ¶ 62. Accordingly, Myers has failed to demonstrate that he is "uniquely susceptible" to adverse consequences of COVID-19. *United States v. Hart*, Crim. No. JKB-16-429, 2020 WL 4193965, at *2 (D. Md. Jul. 7, 2020).

Alternatively, even if Myers could demonstrate such "extraordinary and compelling circumstances," Myers has not satisfied this Court that early release is warranted when considering the § 3553(a) factors. Myers engaged in a serious drug conspiracy, which by his own admission, included possessing a firearm to further that conspiracy. Additionally, although Myers had not sustained a criminal conviction since 2001, he has three prior controlled substance convictions involving cocaine or cocaine base, and one conviction for assault. ECF No. 227 ¶¶ 36-39. Although the Court commends Myers for his rehabilitative efforts while in prison, Myers' individual circumstances in light of COVID-19 simply does not merit the extraordinary remedy of early release when balanced against the seriousness of the offense, the need to promote respect for the law, and the aim of avoiding unwarranted sentencing disparities. Accordingly, the Court denies Myers' motion.

### III. Conclusion

For the foregoing reasons, it is ordered, by the United States District Court for the District of Maryland, that the Motion for Compassionate Release (ECF No. 305) be DENIED.

Date:  November 29, 2023

/S/
_____
PAULA XINIS
United States District Judge
